JUDGE SULLIVAN

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STX PAN OCEAN CO., LTD.,

                Plaintiff,

      v.

GLORY WEALTH SHIPPING SERVICE LTD,
*also d/b/a* GLORY WEALTH SHIPPING PTE LTD.

                Defendant.
-------------------------------------------------------------X

**07 CIV 7725**

**VERIFIED COMPLAINT**

Plaintiff STX PAN OCEAN CO., LTD. (hereinafter "STX PAN OCEAN"), by its attorneys, as and for its Verified Complaint against the Defendant GLORY WEALTH SHIPPING SERVICE LTD, *also d/b/a* GLORY WEALTH SHIPPING PTE LTD. (hereinafter, collectively "GLORY WEALTH SHIPPING"), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff STX PAN OCEAN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with and office and principal place of business in Korea.

3.  The plaintiff is engaged in business as an owner and charterer of ocean-going vessels pursuant to which cargo is transported in exchange for payments of hire or freight.

4.  At all times material hereto, Defendant GLORY WEALTH SHIPPING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country or countries with offices at 6 Temasek Boulevard, #25-03, Suntec City Tower Four, Singapore 038986; care of Tempest Shipbrokers Pte Ltd., 15, Enggor Street, #08-02, Realty Centre, Singapore 079716; and possibly in the British Virgin Islands.

5.  The defendant is an owner, disponent owner, and/or charterer of ocean-going vessels.

## FIRST CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6.  On or about July 13, 2007, STX PAN OCEAN, as charterer, entered into a maritime contract with GLORY WEALTH SHIPPING, as disponent owner, whereby GLORY WEALTH SHIPPING's vessel, the M/V JIN ZHOU, was hired for a one time trip to carry a cargo of steel coils from Asia to ports in the Mediterranean in exchange for hire.

7.  This contract between STX PAN OCEAN and GLORY WEALTH SHIPPING is a maritime contract in the form of a Time Charter made out on a New York Produce Exchange approved form with annexed additional clauses (hereinafter collectively referred to as the "maritime contract").

8.  Pursuant to the terms and conditions of this maritime contract, the parties agreed to, among other things, a hire rate, the cargo carrying and loading ability of the subject vessel, payment for bunkers, and that any disputes arising under the maritime contract are to be submitted to the arbitration in London, England, and be subject to English law.

9. On July 24, 2007, loading operations were commenced at Xingang, China, the first port of lading, in accordance with the loading plan agreed to by the Master of the vessel.

10. However, at 1200 hours that same day, the Master stopped the loading process.

11. Following discussions between the parties, GLORY WEALTH SHIPPING and its Master continued to refuse to load any additional cargo.

12. The refusal by GLORY WEALTH SHIPPING to load the cargo was in breach of the maritime contract.

13. In an effort to mitigate its damages, STX PAN OCEAN had the already loaded cargo removed from the M/V JIN ZHOU, and the entire cargo was loaded on a substitute vessel, the M/V KANG HING. The substitute did sail, cargo was transported, and hire was paid by STX PAN OCEAN.

14. As a result of this breach of the maritime contract by GLORY WEALTH SHIPPING, STX PAN OCEAN did incur damages and additional expenses in the form of paid hire, paid bunkers, cargo handling, port charges, and the difference in hire between the contract vessel and the substitute vessel, all totaling, as near as can be estimated at the present time, US $1,190,955.78.

15. Although this amount has been duly demanded by STX PAN OCEAN, GLORY WEALTH SHIPPING has failed to pay, or provide acceptable security for, these damages.

16. As previously indicated above, the maritime contract provides that any disputes arising under said contract are subject to resolution by the arbitration in London, England, and to be determined under English Law, none of which is deemed waived, and, in accordance with the terms of the Clause 17 of the maritime contract, STX PAN OCEAN will pursue its claims against GLORY WEALTH SHIPPING in London.

## PRAYER FOR RELIEF

17. Notwithstanding the fact that the liability of GLORY WEALTH SHIPPING is subject to a determination by an arbitration panel in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

18. Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including American Express Bank, Ltd., Bank of America, Bank of New York, Citibank NA, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Standard Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

19. As set forth in the accompanying affidavit of Timothy Semenoro, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

20. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

21. In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable pursuant to English law in the London arbitration.

22. Plaintiff's aggregate claim against the Defendant amounts to US $1,500,000.00, which is comprised of the underlying claim of US $1,190,955.78 for damages plus estimated awardable interest, costs, and fees.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US $1,500,000.00, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       August 29, 2007

                                      CHALOS, O'CONNOR & DUFFY, LLP
                                      Attorneys for Plaintiff

                     By: _____
                                      Eugene J. O'Connor (EO-9925)
                                      Timothy Semenoro (TS-6847)
                                      366 Main Street
                                      Port Washington, New York 11050
                                      Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STX PAN OCEAN CO., LTD.,

                Plaintiff,

                07 CV _____

   v.

                **VERIFICATION OF**
GLORY WEALTH SHIPPING SERVICE LTD,    **COMPLAINT**
also d/b/a GLORY WEALTH SHIPPING PTE LTD.

                Defendant.
-------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

    1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff STX PAN OCEAN CO., LTD., herein;

    2.    I have read the foregoing complaint and knows the contents thereof; and

    3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
August 29, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By: _____
Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

2